10872

SOUTHERN BRIDGE CO. v. ASKEW, SUPERVISOR

(111 S. E. 790)

BRIDGES—CONTRACTOR'S DEPOSIT NOT RETURNED WHEN NOT JUSTIFIED IN WITHDRAWING BID.—In an action to recover back the amount of a check which accompanied plaintiff's bid for the building of a bridge for defendant, under Act Feb. 17, 1917 (30 St. at Large, p. 648), it was error to direct a verdict for plaintiff where there was evidence that defendant accepted plaintiff's bid, and plaintiff was not justified in withdrawing it.

Before SEASE, J., Union, May, 1921. Reversed and remanded.

Action by Southern Bridge Co. against J. V. Askew, Supervisor, et al, Commissioners. From directed verdict for plaintiff the defendants appeal.

*Messrs. John K. Hamblin* and *R. L. Douglas,* for appellants, cite: *Where more than one inference can be drawn from contract, question is for the jury*: 93 S. C. 541; 89 S. C. 73; 5 Wall 689; 67 S. C. 34; 10 U. S.

263; 2 Page Conts., Sec. 1129; 112 S. C. 440. *Commission authorized*: 30 Stats. 648.

*Messrs. Sawyer & Kennedy,* for respondent, cite: *Mere proposal may be countermanded*: 115 S. C. 482. *When forfeiture of deposit will be enforced*: 6 R. C. L. 906; 13 C. J. 608. *Trustees of express trust, and inequitable and unjust for them to retain the money*: 1 Civ. Code 1912, Sec. 162; 73 S. C. 83; 42 S. C. 158; 103 S. C. 169. *Plaintiff entitled to interest*: 49 S. C. 449; 43 S. C. 544; 10 S. C. L., 45; 2 R. C. L., 788.

March 18, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action to recover $1,000, with interest from June 30, 1919, that being the amount of a certified check delivered by the plaintiff as a bidder upon certain bridge work to be let by the defendants, who were constituted a commission to build a bridge over Broad river by Act (30 Stat. 648).

In response to an advertisement calling for bids, the plaintiff submitted the bid on June 30, 1919, accompanying it with the certified check payable to the defendants. The plaintiff's contention is that without fault upon its part the bid submitted was not accepted, no contract was entered into, and that it is entitled to recover the value of said check which the defendants have appropriated to their own use.

The defendants contend that the plaintiff's bid was accepted and the contract duly awarded to the plaintiff; that it has refused to comply therewith; and that as a consequence the deposit has been forfeited to the defendants. They also set up a counterclaim for $4,623.01, loss sustained in the breach of the contract by the plaintiff.

At the close of all the testimony the Circuit Judge directed a verdict in favor of the plaintiff for the full amount claimed. The defendants have appealed.

It will serve no useful purpose to review the very complicated facts in this case. It is sufficient to say that, after a careful consideration of them, we are of the opinion that there was sufficient evidence tending to show an acceptance of the plaintiff's bid by the defendants and an unjustified withdrawal of it by the plaintiff, to require a submission of the case to the jury, and that there was error in the direction of a verdict.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE FRASER: I cannot concur with Mr. Justice Cothran. The cardinal facts are: The defendant desiring to build a bridge, advertised for bids. The plaintiff put in a bid. The plaintiff was required to put up a certified check to insure good faith. There were several bids. After the bids were opened the plaintiff was notified: "Your bid on Lockhart Bridge tentatively accepted; can send representative to Columbia Thursday." The delay was caused by checking up the plans and specifications.

When the plans and specifications were checked up, it was found that the plans were too weak to support the required weight. The plaintiff was notified that its plans were unsatisfactory as they stood, and it was necessary to strengthen the structure. This the plaintiff refused to do and withdrew its offer and demanded the return of its check. The defendant refused to return the check. This suit was brought, and the defendant not only denied its obligation to return the $1,000, but set up a counterclaim for damages for breach of the contract. On motion, the pre-

siding Judge held that no contract had been proven and directed verdict for the plaintiff. From the judgment based upon this verdict the defendant appealed.

In my judgment the trial Judge was right. The price to be paid for the work and the work to be done are essential elements for the making of a contract. The plaintiff offered to build a bridge according to certain specifications. When the defendant notified the plaintiff that it did not accept the specifications, it rejected the bid. That the defendant was willing to increase the compensation in accordance with what it deemed a just basis did not remedy the trouble. The plaintiff never offered to build the bridge the defendant intended to build, and the defendant did not agree to accept the bridge that the plaintiff offered to build. The minds of the parties did not meet on the thing to be done, or the price to be paid, and there was no contract.

I know of no such thing as a "tentative acceptance" of a bid. The rule is clear and well stated in Ruling Case Law, vol. 6, p. 608:

"*Qualified or Conditional Acceptance.*—In order that there may be a meeting of the minds which is essential to the formation of a contract, the acceptance of the offer must be substantially as made. There must be no variance between the acceptance upon offer. Accordingly a proposal to accept, or an acceptance and the terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assents to the modification suggested. The other party, having once rejected the offer, cannot afterwards revive it by tendering an acceptance of it. Acceptance must likewise be unequivocal and unconditional. If to the acceptance of a proposal a condition be affixed by the party to whom the offer is made, or any modification or change in the offer be made or re-

quested, there is a rejection of the offer. Having in effect rejected the offer by his conditional acceptance, the offeree cannot subsequently bind the offerer by an unconditional acceptance."

It is said that the defendant was damaged by the subsequent rise in price of materials. The plaintiff was not solely responsible for the delay, and there is no reason suggested for throwing that loss on the plaintiff.

For these reasons I dissent.